IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER A. RUSSELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CANYON VIEW TITLE INSURANCE AGENCY, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT<br><br><br><br>Case No. 2:08-CV-808 TS |

This case has been stalled for several years due to Defendant's failure to cooperate by obtaining counsel. As a result, Plaintiff moves for entry of a default judgment as a sanction.

On January 27, 2010, the Court entered an Order that Defendant comply with the requirement that it obtain new counsel or face sanctions up to and including entry of judgment.[1] In that Order, the Court explained that Defendant was not eligible to proceed pro se because it is a corporation.[2] On February 11, 2010, the Court again ordered that

---

[1]Docket No. 25.

[2]*Id*. at 2.

1

Defendant obtain counsel within 21 days. The Court stated:

> Plaintiff has suffered substantial prejudice including incurring additional attorney fees as a result of the repeated delay caused by Defendant's failure to appear and defend this case. The delay has also resulted in complete interference with the judicial process. Despite the diligent efforts of Plaintiff, and entry of two scheduling orders by the Magistrate Judge, this case has not progressed to discovery in the two years it has been pending. The prior warnings have not been effective because discovery has not been able to proceed and Defendant is again effectively without counsel. Defendant is warned that the Court is seriously considering entry of judgment against Defendant as a sanction for its repeated and protracted failure to defend this case.[3]

The time for Defendant to obtain counsel expired on December 23, 2010. Defendant has failed to obtain counsel. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."[4] The case *Ehrenhaus v. Reynolds*[5] sets forth the factors to be considered before imposing dispositive sanctions such as dismissal against a litigant:

> While recognizing that there is no rigid test for determining when such a sanction is appropriate, we have suggested that a district court ought to evaluate five factors before imposing a dismissal sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.[6]

The Court finds that the *Ehrenhaus* factors are equally applicable to a request for

---

[3] *Id.* at 2 (footnote omitted).

[4] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[5] *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).

[6] *Garcia v. Berkshire Life Ins. Co. of America*, 569 F.3d 1174, 1179 (10th Cir. 2009) (citing *Ehrenhaus*, 965 F.2d at 920-21).

entry of judgment as a sanction. However, the Court is mindful that such dispositive sanctions should be "used as a weapon of last, rather than first, resort."[7]

In the present case, the Court has previously found that Plaintiff has suffered substantial prejudice. The Court further finds that such prejudice is increased by the latest failure which has resulted in further and substantial prejudicial delay. As the Court previously found, the repeated delay caused by Defendant's failure to defend has resulted in complete interference with the judicial process. Defendant has filed nothing to show that the missed deadline and failure to comply was anything but willful. Considering the entire history of the case, the Court finds that Defendant's failure is willful. In its December 2, 2010 Order, the Court warned Defendant in advance that entry of judgment would be the likely sanction for noncompliance. The record reveals that lesser sanctions have not been effective. Defendant has been repeatedly warned and given repeated deadlines for obtaining counsel, but has repeatedly failed to defend this case. Thus, the Court finds that lesser sanction would be entirely ineffective. Accordingly, the Court finds and concludes that judgment should be entered against Defendant. The Complaint sets forth a claim for a sum certain and for prejudgment interest that can be made certain by calculation. It is therefore

ORDERED that Plaintiff's Renewed Motion for Entry of Judgment (Docket No. 39) is GRANTED. It is further

ORDERED that judgment shall be entered in favor of Plaintiff and against Defendant

---

[7] *Id*. (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) and *Ehrenhaus*, 965 F.2d at 920)).

in the principal amount of $1,903,333.99, plus prejudgment interest and fees. It is further

ORDERED that within 21 days of the entry of this Order, Plaintiff shall submit a notice of its calculation of the prejudgment interest. If there is a contract or statute providing for an award of attorney fees, Plaintiff shall submit such information with its Notice.

DATED May 3, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge